UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOREN and KYANN HICKERSON | |
| Plaintiffs, | 3:11-cv-0812-LRH-WGC |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | ORDER |
| Defendants. | |

Before the court is defendants MTC Financial Inc. ("MTC") and LSI Title Agency, Inc.'s ("LSI") motion to dismiss (Doc. #5[1]) to which defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo Home Loan Mortgage, Inc. ("WFHM") joined (Doc. #8). Plaintiffs Loren and Kyann Hickerson ("the Hickersons") filed an opposition (Doc. #10) to which defendants replied (Doc. ##11, 13).

**I.   Facts and Procedural History**

In February, 2001, the Hickersons purchased real property through a mortgage note and deed of trust originated by defendant WFHM. Eventually, the Hickersons defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Hickersons filed a complaint against defendants alleging four causes of

---

[1] Refers to the court's docket number.

action: (1) wrongful foreclosure - NRS 107.080; (2) wrongful foreclosure - refusal of tender; (3) wrongful foreclosure - violation of the Home Affordable Modification Program; and (4) misrepresentation. Doc. #1, Exhibit A. Thereafter, moving defendants filed the present motion to dismiss. Doc. #5.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

2

the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.   Discussion

#### A. Wrongful Foreclosure - NRS 107.080

Nevada law authorizes parties other than the original mortgage company to begin non-judicial foreclosure proceedings. *See* NRS 107.080(2)(b); NRS 107.080(4). However, it is a statutory defect in a non-judicial foreclosure for an entity that is not yet the beneficiary, trustee, or an agent of one of these entities to record the notice of default. NRS 107.080(2)(c).

Here, the Hickersons allege that the notice of default was recorded by MTC, dba Trustee Corps, prior to its substitution as trustee. Therefore, the Hickersons allege that MTC's recording of the notice of default is a statutory violation of NRS 107.080.

In its motion to dismiss, MTC argues that it was an authorized agent for beneficiary Wells Fargo at the time it recorded the notice of default, and as such, it was legally entitled to record the notice. *See* Doc. #5. Further, Wells Fargo ratified the actions of MTC and substituted it as the trustee. *See* Doc. #8. When a beneficiary ratifies the actions of its agent before it is properly substituted, that ratification cures any defect in the filing. *State of Nevada v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 1582945, *5 (D. Nev. 2011) ("A beneficiary may therefore proceed with foreclosure based on the filing of a notice of default by a party that purported to be its agent or trustee but was not, so long as the beneficiary ratifies the action . . . A later-executed substitution of trustee making the notice of default filer the new trustee before proceeding to sale is

practically insurmountable evidence of ratification."). Therefore, the court finds that, based on the allegations in the complaint, the Hickersons have failed to state a claim for wrongful foreclosure for violation of NRS 107.080. Accordingly, the court shall grant defendants' motion as to this claim.

**B. Wrongful Foreclosure - Refusal of Tender**

In their complaint, the Hickersons allege that they attempted to tender the amounts owed to Wells Fargo on August 20, 2011, by going to their local Wells Fargo branch but that their tender was rejected without explanation. Based on this single transaction, the Hickersons allege that defendants wrongfully foreclosed on their property because tender of the default was offered in accordance with NRS 107.080(2)(b).

However, the Hickersons reliance on the August 20, 2011 attempt to cure default is misguided. After the notice of default was recorded, the Hickersons were on notice that all attempts to cure their default should be directed to Wells Fargo through MTC as trustee via a specific mailing address and phone number. The Hickersons never assert in their complaint that they attempted to cure their default in accordance with the notice of default. Further, the Hickersons fail to allege that they made any other attempts to cure their default over the remaining period before the trustee's sale. Therefore, based on the allegations in the complaint, the court finds that the Hickersons have failed to state a claim for wrongful foreclosure for failure to accept tender.

**C. Wrongful Foreclosure - Home Affordable Mortgage Program ("HAMP")**

Pursuant to the HAMP handbook, Section 3.3 entitled "Suspension of Scheduled Foreclosure Sale" provides that "[w]hen a borrower submits a request for HAMP consideration, after a foreclosure sale date has been scheduled, and the request is received no later than midnight of the seventh business day prior to the foreclosure sale date, (deadline), the servicer must suspend the sale as necessary to evaluate the borrower for HAMP."

In their complaint, the Hickersons allege that they submitted a HAMP modification application to Wells Fargo, but that Wells Fargo, upon receiving the application failed to suspend

that trustee's sale in accordance with HAMP guidelines. *See* Doc. #1, Exhibit A. In opposition, Wells Fargo argues that suspending the sale was not necessary because the HAMP application was quickly evaluated and denied. However, this is a factual issue not appropriate for a motion to dismiss. Moreover, the complaint sufficiently alleges that Wells Fargo did not stop the trustee's sale upon receiving the HAMP application. Therefore, the court finds that the Hickersons have sufficiently stated a claim for wrongful foreclosure arising from violation of HAMP's suspension of foreclosure requirements.

### D. Misrepresentation

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, the Hickersons allege that Wells Fargo denied receiving all necessary HAMP documents when in fact all documents had been provided and that such a denial was a fraudulent misrepresentation designed to make the Hickersons lose their home.[2] However, the Hickersons fail to plead their claim for misrepresentation with the requisite specificity. There are no allegations concerning the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that the Hickersons' allegations are insufficient to support their claim for fraud.

///

---

[2] The Hickersons concede that defendants MTC and LSI should be dismissed from this claim as this claim is only against the Wells Fargo defendants. *See* Doc. #10.

5

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #5) is GRANTED in-part and DENIED in-part. Plaintiffs' first cause of action for wrongful foreclosure, second cause of action for wrongful foreclosure, and fourth cause of action for misrepresentation are DISMISSED from plaintiffs' complaint (Doc. #1, Exhibit A). Plaintiff's third cause of action for wrongful foreclosure relating to a violation of HAMP is NOT DISMISSED.

IT IS SO ORDERED.

DATED this 20th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE