UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LOREN and KYANN HICKERSON, | ) ) ) | |
| Plaintiffs, | ) ) | 3:11-cv-0812-LRH-WGC |
| v. | ) ) | |
| WELLS FARGO BANK, N.A.; et al., | ) ) | ORDER |
| Defendants. | ) ) ) | |

Before the court is defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo Home Loan Mortgage, Inc.'s ("WFHM") (collectively "defendants") motion for summary judgment. Doc. #24.[1] Plaintiffs Loren and Kyann Hickerson ("the Hickersons") did not file an opposition to the motion.

### I. Facts and Procedural History

In February, 2001, the Hickersons purchased real property through a mortgage note and deed of trust originated by defendant WFHM. Eventually, the Hickersons defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Hickersons filed a complaint against defendants alleging four causes of action: (1) wrongful foreclosure - NRS 107.080; (2) wrongful foreclosure - refusal of tender;

---

[1] Refers to the court's docket number.

1  (3) wrongful foreclosure - violation of the Home Affordable Modification Program; and

2  (4) misrepresentation. Doc. #1, Exhibit A. In response, defendants file a motion to dismiss

3  (Doc. #5) which was granted in-part and denied in-part (Doc. #15). In the court's order, the court

4  dismissed the Hickersons' first, second, and fourth causes of action, but found that the Hickersons

5  had sufficiently alleged a claim for wrongful foreclosure related to a violation of the Home

6  Affordable Modification Program. *See* Doc. #15. Thereafter, defendants filed the present motion

7  for summary judgment on that single remaining claim. Doc. #24.

8  **II.     Legal Standard**

9      **A.  Failure to Respond**

10      While the failure of an opposing party to file points and authorities in response to any

11  motion shall constitute a consent to the granting of the motion under LR 7-2(d), the Madden's

12  failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Martinez v.*

13  *Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). A moving party must still meet its affirmative duty

14  under Rule 56 to demonstrate that it is entitled to judgment as a matter of law. *Id*. Thus, the absence

15  of an opposition does not change defendants' burden of proof, and the court will consider

16  defendants' motion on the merits.

17      **B.  Summary Judgment**

18      Summary judgment is appropriate only when "the pleadings, depositions, answers to

19  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

20  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

21  law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

22  with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

23  to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

24  587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

25  ///

26  ///

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III. Discussion

**A. Wrongful Foreclosure - Home Affordable Mortgage Program ("HAMP")**

Pursuant to the HAMP handbook, Section 3.3 entitled "Suspension of Scheduled Foreclosure Sale" provides that "[w]hen a borrower submits a request for HAMP consideration, after a foreclosure sale date has been scheduled, and the request is received no later than midnight of the seventh business day prior to the foreclosure sale date, (deadline), the servicer must suspend the sale as necessary to evaluate the borrower for HAMP."

In their complaint, the Hickersons allege that they submitted a HAMP modification application to Wells Fargo, but that Wells Fargo, upon receiving the application failed to suspend that trustee's sale in accordance with HAMP guidelines. *See* Doc. #1, Exhibit A.

In their motion for summary judgment, Wells Fargo contends that the Hickersons do not have standing to assert a HAMP violation. The court agrees. The HAMP program does not provide borrowers with a private cause of action against mortgage lenders and servicers. *See e.g., Marks v. Bank of America, N.A.*, 2010 WL 2572988, *6 (D. Ariz. 2010) ("Nowhere in the HAMP Guidelines, nor in the EESA, does it expressly provide for a private right of action. Rather, Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to one entity, Freddie Mac, Congress intended that a private cause of action was not permitted."). Therefore, the court finds that the Hickersons do not have standing to assert a HAMP violation. Accordingly, the court shall grant defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #24) is GRANTED. The clerk of court shall enter judgment in favor of defendants and against plaintiffs.

IT IS FURTHER ORDERED that defendants Wells Fargo Bank, N.A. and Wells Fargo Home Loan Mortgage, Inc. shall have ten (10) days after entry of this order to prepare an appropriate order expunging the lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that defendants' motion for a hearing (Doc. #41) is DENIED as moot.

IT IS SO ORDERED.

DATED this 6th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE